**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>NATIONAL BROKERS OF AMERICA, INC.,<br><br>Debtor. | Chapter 7<br><br>Bankruptcy No. 19-15488 |

**EXPEDITED MOTION TO EXTEND THE TIME PERIOD WITHIN**
**WHICH THE TRUSTEE MAY FILE NOTICES TO REMOVE**
**ACTIONS PURSUANT TO 28 U.S.C. § 1452**

Robert H. Holber, Chapter 7 Trustee (the "Trustee") in the above-captioned case hereby submits this Motion to Extend the Time Period Within Which the Trustee May File Notices to Remove Actions Pursuant to 28 U.S.C. § 1452 (the "Motion").

**INTRODUCTION**

Simultaneously with this Motion, the Trustee filed the Objection of Robert Holber, Chapter 7 Trustee to Motion of Real Party In Interest Jason Scott Jordan to Lift Stay or, Alternatively, for Confirmation of Absence of Stay (the "Stay Relief Objection"). The Trustee seeks to preserve the right to remove the State Court Action (as defined in the Stay Relief Objection) to adjudicate the merits of these claims in this Court, as appropriate. As a result, the Trustee seeks to extend the time for removal for a period of 120 days through and including, April 2, 2020 for all actions, including, but not limited to the State Court Claim.

**JURISDICTION AND VENUE**

1. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Trustee confirms his consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     The legal predicates for the relief requested herein are 28 U.S.C. § 1452 of the United States Code and Bankruptcy Rules 9027 and 9006.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## **RELIEF REQUESTED**

4.     Pursuant to Bankruptcy Rule 9027(a)(2), the time period by which the Trustee may file notices of removal will expire on December 2, 219 (the "Removal Deadline").  By this Motion, the Trustee seeks entry of an order pursuant to Bankruptcy Rule 9006(b), extending the Removal Deadline for a period of one hundred and twenty (120) days through and including April 2, 2020 with respect to civil actions pending as of the Petition Date.

5.     The Trustee requests that the proposed April 2, 2020 deadline to file notices of removal apply to all matters pending as of the Petition Date as specified in Bankruptcy Rule 9027(a)(2)(A), (B) and (C) including the State Court Action (the "Actions").

6.     The Trustee further requests that the order approving this Motion be without prejudice to (a) any position the Trustee may take regarding whether Bankruptcy Code section 362 applied to stay any given Action and (b) the right of the Trustee or any of their successors to seek further extensions of the period in which Actions may be removed pursuant to Bankruptcy Rule 9027.

## **BASIS FOR RELIEF**

7.     Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions. Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action
> other than a proceeding before the United States Tax Court or a

> civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

8. Bankruptcy Rule 9027(a)(2) sets forth the time period for filing notices to remove claims or causes of actions and provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

9. Bankruptcy Rule 9006(b)(1) further provides that the Court may extend the unexpired time periods, such as the Trustee's Removal Deadline, without notice:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

10. The Court is authorized to grant the relief requested and extend the Removal Deadline. See, e.g., Pacor, Inc. v. Higgins, 743 F.2d 984, 996 n.17 (3d Cir. 1984); Caperton v. A.T. Massey Coal Co., 251 B.R. 322, 325 (S.D. W. Va. 2000) (Bankruptcy Rule 9006 authorizes the enlargement of time periods for removing actions under Bankruptcy Rule 9027); In re World

7507154 v1

Fin. Servs. Ctr., Inc., 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (Bankruptcy Rule 9006 was designed to give bankruptcy judges the authority to enlarge the removal periods under Bankruptcy Rule 9027(a)); Raff v. Gordon, 58 B.R. 988, 990 (E.D. Pa. 1986) (Bankruptcy Rule 9006 authorizes the court to grant extensions of time to file a notice of removal). Moreover, such relief is routinely granted by the Court without need for a hearing.

11. The requested extension is appropriate because, it preserves the Trustee's potential to bring any of the Actions, including the State Court Action, in this Court for the benefit of the estate as a whole.

12. At present, it is premature for the Trustee to make a determination as to the benefits and burdens relating to the removal of any Actions, before the Trustee can see if an arrangement can be negotiated with counsel to Mr. Jordan that is acceptable to all parties. The Trustee submits that the relief requested herein is in the best interests of the estate, creditors and stakeholders. The extension sought will afford the Trustee the opportunity to make fully informed decisions with respect to the removal of any Action and will ensure that the Trustee does not forfeit valuable rights under 28 U.S.C. § 1452.

**Request for Expedited Consideration – Local Rule - 5070 1(g)**

13. The Trustee requests that this Motion be heard, at the same time as the Stay Relief Motion scheduled to be heard on December 10, 2019 at 9:30 a.m. Without expedited consideration of this Motion, Trustee and the parties may not have the full opportunity to consider the Trustee's Objection to Stay Relief.

14. Pursuant to Local Rule 5070 – 1(g), the Trustee requested by email, consent for expedited consideration of this Motion on counsel to the Debtor, counsel to Mr. Jordan and the Office of the United States Trustee, but has not heard a response as of the filing.

7507154 v1

WHEREFORE, for the reasons stated herein, the Trustee respectfully requests that this Court: (i) grant this Motion to extend the Removal Deadline and (ii) grant any other relief that this Court deems just and proper.

                                       **FLASTER/GREENBERG P.C.**

Dated: November 27, 2019      By: */s/ William J. Burnett*
                                            William J. Burnett, Esquire
                                            1835 Market Street, Suite 1050
                                            Philadelphia, PA 19103
                                            Telephone 215-279-9383
                                            Facsimile 215-279-9394

                                            *Proposed Counsel for Robert H. Holber,*
                                            *Chapter 7 Trustee*