IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: | Chapter 7 |
|---|---|
| NATIONAL BROKERS OF AMERICA, INC., | Bankruptcy No. 19-15488 |
| Debtor. | |

**FIRST INTERIM APPLICATION OF SHARER PETREE BROTZ & SNYDER FOR COMPENSATION FOR SERVICES RENDERED AS ACCOUNTANT FOR THE TRUSTEE AND FOR REIMBURSEMENT OF EXPENSES FOR THE PERIOD <u>OCTOBER 26, 2019 THROUGH NOVEMBER 8, 2021</u>**

TO THE HONORABLE PATRICIA M. MAYER, UNITED STATES BANKRUPTCY JUDGE:

Sharer Petree Brotz & Snyder ("Sharer Petree" or "Applicant"), Accountant for the Trustee, in accordance with F.R.B.P. 2016, applies under Sections 330 and 331 of the Bankruptcy Code for an award of compensation and reimbursement of actual, necessary expenses and represents:

### Part A -- Preliminary Statement

1. Applicant is accountant for Robert H. Holber, Chapter 7 Trustee (the "Trustee").

2. All services rendered for which compensation is requested were performed for or on behalf of the Trustee.

3. The services described in this Application are actual, necessary services and the compensation requested for those services is reasonable.

4. The expenses described in this Application are actual, necessary expenses.

5. Applicant believes that the sums sought by this Application are fair and reasonable in light of the time and effort devoted, the responsibilities undertaken, the results achieved, the quality and efficiency of the work done and other relevant factors.

6. Pursuant to Local Rule 2016-2(b), below is a history of this case:

8605549 v1

National Brokers of America, Inc. (the "Debtor") filed a voluntary chapter 7 bankruptcy petition on September 3, 2019 (the "Petition Date").  Shortly thereafter, the Trustee was appointed as the Chapter 7 Trustee.  The Debtor is a former broker of certain of certain health insurance products to consumers. Since the beginning of the case, the Trustee has received residual commissions on a monthly basis from various sources. To date, the Trustee has received over $115,000 in unencumbered cash.

The principal other asset in this case are successor liability claims and potential claims against the Debtor's partners, principals, insiders, transferees and/or others arising out of transfers that may be avoidable under sections 544, 547, 548 and/or 549 of the Bankruptcy Code and/or applicable state law.  The Trustee has engaged a our firm to investigate these claims.  Initially, in response to a relief from stay motion filed by Jason Scott Jordan and his counsel, David Crossett, the Trustee explored and negotiated a join process to potentially pursue such claims.  Eventually, this joint arrangement was not deemed beneficial to the Trustee and it was terminated. Instead, the Trustee engaged contingency fee counsel, Gellert Scali Busenkell & Brown, LLC to pursue these claims. These litigation claims are pending and on-going.

As noted, we provided support to the trustee and counsel in his efforts by analyzing the Debtor's books and records to determine potential avoidance actions and support the collection of insurance commissions still due the Debtor.  More specifically, we initially reviewed and analyzed banking records, corporate tax returns and researched the history of the company.  We reviewed information received by the trustee from a successor company regarding commission income and potential for future recoveries.  We reviewed proofs of claim filed by taxing authorities, responded to tax notices as necessary and investigated the status of the Debtor's payroll and corporate tax compliance.  We corresponded with and had discussions the Debtor's

8605549 v1

prior accountant and obtained information on the financial history of the company, obtained various records necessary for investigation and obtained access to Quickbooks data and prepared financial reports needed our investigation. We reviewed the audio transcript of the 341 hearing. We analyzed financial and other documentation produced as part of discovery in state court litigation the Debtor for which the Debtor was involved. We analyzed the books and records of the Debtor and other documentation including deposition transcripts and reports from state court litigation detailing the history of financial affairs of the company, the Debtor's relationship with the successor company and identifying potential avoidance actions. We revised the report, prepared analytical schedules and compiled supporting exhibits. We provided support as requested to the trustee, counsel and special counsel in evaluation and pursing potential avoidance recoveries. We assisted the trustee and counsel in evaluating the Debtor's potential role and exposure in a large receivership case. We assisted the trustee and counsel by downloading and analyzing various records received to insurance commissions due to the Debtor, reconciling post-petition receipts received and identifying information needed to contact insurance companies to have payments made directly to the bankruptcy estate. To date, the Trustee has collected over $100,000 in commissions.

7. To date, the Trustee has not disbursed any funds for legal and accounting services

8. As of the date hereof, the Trustee has $115,586.40 on hand before payment of this requested fee application and before receipt of anticipated funds from potential adversary cases.

## Part B -- General Information

1. **First Interim Fee Application**
   **Period October 26, 2019 through November 8, 2021**

   <u>Requested</u>
   Fees          $43,094.50
   Expenses      $     54.80
   Total         $43,149.30

2. **General Information**

   a. Date case filed: September 3, 2019.

   b. Date application to approve employment filed: November 13, 2019.

   c. Date employment approved: December 26, 2019, *nunc pro tunc* to October 26, 2019.

   d. First date services rendered in the case: October 26, 2019.

   e. Compensation request is under Sections 330 and 331 of the Bankruptcy Code.

   f. Any fees awarded will be paid from the estate. Applicant's fees will be subject to disgorgement until final approval by the Court.

   g. This application is for a period less than 120 days after the filing of the case or less than 120 days after the end of the period of the last application.

   _____ Yes          __X__ No

3. **Prior Applications — NONE**

## Part C – Billing Summary

The legal services rendered by Applicant are set forth and detailed in the attached chronological schedules appended hereto as Exhibit "A". The total time for all professionals involved was in the aggregate 158.80 hours. The total fee amount requested is $43,094.500 for the period October 26, 2019 through November 8, 2021.

8605549 v1

**Part D Expense Summary**

Further, Applicant requests reimbursement of expenses incurred in the total amount of $54.80 during the period October 26, 2019 through November 8, 2021, as more fully set forth in Exhibit "A" attached hereto. Said expenses were actual and necessary in this case and are not included in the overhead cost of Applicant's office.

As required by the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 (b)(1)(v), the Trustee has reviewed this application and has approved the requested amount. Additionally, pursuant to 11 U.S.C. § 330 (b)(2)(i), the Trustee believes that it is feasible to make an interim distribution to Chapter 7 professional creditors without prejudicing the rights of any creditor holding a claim of equal or higher priority.

WHEREFORE, Sharer Petree Brotz & Snyder respectfully requests that this Court enter an Order, in the form attached, granting an award of $43,094.50 in compensation and of $54.80 for expenses incurred for the period October 26, 2019 through November 8, 2021, and such other relief as this Court deems just and proper.

SHARER PETREE BROTZ & SNYDER

Dated: November 11, 2021

*/s/ Robert N. Snyder, Jr.*
Robert N. Snyder, Jr., CPA/CFF, MBA, CIRA, CFE
1103 Laurel Oak Road, Suite 105B
Voorhees, NJ 08043
(856) 435-3200 ext. 215
rsnyder@SharerPBS.com
*Accountant for Robert H. Holber,*
*Chapter 7 Trustee*

8605549 v1