**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | |
| NATIONAL BROKERS OF AMERICA, INC. | Chapter 7 |
| Debtor. | Bankruptcy No. 19-15488-pmm |

## ORDER

**AND NOW**, this _____ day of _____, 2024, upon consideration of the Motion to Intervene for Purposes of Debtor's Motion for Enforcement of the Automatic Stay, Vacating of Judgments as Void, and Enjoining Jason Scott Jordan From Pursuing Claims in Berks County Civil Docket 14-17117, filed by Proposed Intervenor, Alan C. Redmond, it is hereby **ORDERED** that the Motion is **GRANTED.**

Alan C. Redmond is hereby granted Interested Party status with respect to the Debtor's Motion [ECF No. 179] and he and/or his counsel of record are permitted to be heard at the Court's July 2, 2024, 11 A.M. hearing for said Motion.

BY THE COURT:

_____
Hon. Patricia M. Mayer, U.S.B.J.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | |
| NATIONAL BROKERS OF AMERICA, INC. | Chapter 7 |
| Debtor. | Bankruptcy No. 19-15488-pmm |

## NON-PARTY ALAN C. REDMOND'S MOTION TO INTERVENE IN SUPPORT OF DEBTOR'S MOTION FOR ENFORCEMENT OF THE AUTOMATIC STAY, VACATING OF JUDGMENTS AS VOID, AND ENJOINING JASON SCOTT JORDAN FROM PURSUING CLAIMS IN BERKS COUNTY CIVIL DOCKET 14-17117

Non-party Alan C. Redmond ("Redmond"), through undersigned counsel, requests that the Court enter an order allowing him to intervene in the motion of Debtor, National Brokers of America, Inc., ("Debtor") to enforce the automatic stay, void the judgments entered in Berks County Pennsylvania against Debtor, Alan C. Redmond, and Bene Market, LLC, enjoining Jason Scott Jordan from pursuing claims against the same in Berks County, Pennsylvania, Court of Common Pleas Civil Docket 14-17117, and issuing sanctions against Joel Ready, Esq. and Cornerstone Law Firm.

### INTRODUCTION

Redmond is one of the parties subject to judgments entered in a Berks County case, in which (as set forth in the motion of Debtor) a judgment of more than $13 million was entered in favor of Jason Jordan, despite the automatic stay in this Court. Additionally, the automatic stay is being violated in another case in Berks County, in which Jason Jordan seeks the Debtor's assets in a suit against Alan C. Redmond, Bene Markets, LLC and Stephanie Miller.

As Redmond is an "interested party" under Bankr. R. 2018(a), he is entitled to permissive intervention: the judgment and the second action affect his property interests, along with the interests of the Debtor.

## FACTUAL SUMMARY

Below is an abbreviated list of proceedings in Pennsylvania and before this Court which are relevant to the content and context of the present Motion

**A.**     **Pennsylvania Proceedings**

On October 28, 2014, Debtor filed a Complaint against Jason Scott Jordan ("Jordan") in the Berks County, Pennsylvania, Court of Common Pleas seeking recovery on claims of Breach of Contract and Defamation, Berks County Civil docket 14-17117 ("the Berks Matter"). In the Berks Matter, Debtor claimed that Redmond, then sole owner of Debtor, offered employment and ownership interest to Jordan upon assurances that Jordan had a clean criminal history and was licensed to sell insurance; despite said assurance, after entering into an employment and ownership sharing contract with Jordan, it was learned Jordan had a substantial criminal history and was not licensed to sell insurance. Jordan was also alleged to have 2 DUI charges and work performance issues, resulting in Jordan's lack of access to work premises, after which Jordan began making false, defamatory statements against Debtor on social media which damaged Debtor.

Jordan counterclaimed on breach of contract and breach of fiduciary duty, sought an appraiser, and added Redmond as a party. Jordan's claims were for illegal termination and loss of rights as a shareholder of Debtor. After a bench trial was held in September 2021, a Decision and Order of December 20, 2021, that Redmond was liable to Jordan for $8,105,197.20 in

2

compensatory damages, $8,105,197.20 in compensatory damages, for a total amount of $13,105,197.20.

After post-trial motions, on March 31, 2022, Judge Sprecher issued an Amended Verdict, entering judgment in the amount of $13,105,197.20 against **"the Plaintiffs"**, including the Debtor, the debtor for whom a stay was and remains in place through this Honorable Court.

On July 28, 2022, Jordan, by and through Joel Reedy, Esq. and Cornerstone Law Firm, filed a civil suit in the Berks County, Pennsylvania Court of Common Pleas against Bene Markets LLC ("Bene"), Redmond, and Stephania Miller ("Miller") asserting a claim of Unjust Enrichment, seeking to pierce Bene's corporate veil, and demanding damages and a receivership, Berks County Civil Docket 22-11757 ("the Pending Matter"). The Pending Matter alleges misappropriation of nearly $4 million of Debtor funds, misappropriation of Debtor's book of business by transferring it to Bene at a discounted rate, and that Bene is simply a continuation of Debtor under another name. In the Pending Matter, Jordan is thus seeking the Debtor's assets in direct violation of the automatic stay.

B.   **Present Bankruptcy Proceedings**

1. The instant Bankruptcy proceeding was initiated by the Debtor's Chapter 7 petition on September 3, 2019. On January 30, 2020, Jordan removed the Berks matter to this Court, docketed as Adversary Proceeding 20-000016. On January 4, 2021, the Honorable Patricia M. Mayer signed a "Consent Order to Remand State Court Claims Against Alan Christopher Redmond to State Court and to Lift Stay for State Court Claims by Jason Scott Jordan Against Alan Christopher Redmond" entered into between Jordan and Chapter 7 Trustee, Robert H. Holber.

3

2. Pursuant to this Consent Order, Jordan was allowed to pursue claims **against Redmond only** as they were not core proceedings involving property of the Debtor's estate:

> Notwithstanding the Initial Stay Relief Order, the automatic stay (including a stay under 11 U.S.C. § 362) is hereby lifted as it applies to claims by Jason Scott Jordan against Alan Christopher Redmond in the State Court Action *provided however that such State Court Action shall not include any claims against the Debtor* or the Trustee nor shall the Trustee be required to participate in any discovery in the State Court action.

Exhibit "E" to Debtor Motion, Consent Order at ¶ 5 (emphasis added). At no point, at any time, for any duration, was the stay lifted as to Debtor or as to property of the Debtor's estate.

### LEGAL ARGUMENT

Intervention is permitted under Bankruptcy Rule 2018(a), under which "the court may permit any interested entity to intervene generally or with respect to any specified matter." Fed. R. Bankr. P. 2018(a). On a motion for intervention, the court may consider whether the proposed intervenor's interest is one being adequately represented by another party already in the case, and whether intervention would cause undue delay or prejudice. *In re Beulah Rd. Land Co.*, No. 13-23148-CMB, 2013 WL 6384344, at *1 (Bankr. W.D. Pa. Dec. 5, 2013). Good cause for intervention can be established by demonstrating an "economic or similar interest related to the case." *Id.*

Here, it is apparent that Redmond has an "economic or similar interest" to the issue at hand, namely whether the automatic stay was violated by Jordan and his counsel. While the claims as to Redmond were ruled to not be core proceedings at an earlier phase in these proceedings, the March 31, 2022, Amended Verdict in the Berks County case elevated Redmond's economic interests to those of the Debtor. And the entire gist of the Pending Matter is an attempt to claim that assets of Bene are actually assets of the Debtor—allegations that place the Pending Matter squarely within the jurisdiction of this Court as a "core proceeding." 28

4

U.S.C.A. § 157(b)(2)(o) ("other proceedings affecting the liquidation of the assets of the estate").[1] Redmond has a right to be heard, and to be represented, with respect to any hearing on the motion filed by the Debtor with respect to the violations of the automatic stay and conduct of Jordan and his counsel with respect to this Court, as his interests—economic and as a member or owner of Bene—are implicated by the motion, the Amended Verdict, and the Pending Matter.

Redmond, therefore, seeks leave to intervene, and file his joinder to the Debtor's motion (attached hereto as Exhibit "A").

## CONCLUSION

Redmond respectfully requests that his motion to intervene be granted so that he may take part in consideration of the motion of the Debtor concerning violation of the automatic stay.

                                            **BOCHETTO & LENTZ, P.C.**

Dated: June 27, 2024        By:    */s/ George Bochetto*
                                                    George Bochetto, Esquire (27783)
                                                    David P. Heim, Esquire (84323)
                                                    1524 Locust Street
                                                    Philadelphia, PA 19102
                                                    (215) 735-3900
                                                    gbochetto@bochettoandlentz.com
                                                    dheim@bochettoandlentz.com

                                                    *Attorneys for Alan C. Redmond*

---

[1] Even should the Court decide that Redmond's interests are not "core," they are certainly related claims that could affect the Debtor's estate, and this Court may make preliminary rulings. *In re Jamuna Real Est., LLC*, 357 B.R. 324, 331 (Bankr. E.D. Pa. 2006) (veil-piercing claims are related to the bankruptcy estate).

5

## **CERTIFICATE OF SERVICE**

I, *George Bochetto, Esquire*, hereby certify that a true and correct copy of the forgoing was filed electronically through this Court's ECF System and is available for viewing and downloading from this Court's ECF System. I further certify that an electronic copy of the foregoing was served upon all parties of record through this Court's ECF System.

**BOCHETTO & LENTZ, P.C.**

Dated:  June 27, 2024         By:    */s/ George Bochetto, Esquire*
                                     GEORGE BOCHETTO, ESQUIRE

# Exhibit "A"

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | |
| NATIONAL BROKERS OF AMERICA, INC. | Chapter 7 |
| Debtor. | Bankruptcy No. 19-15488-pmm |

## INTERVENOR ALAN C. REDMOND'S MOTION JOIN DEBTOR'S MOTION FOR ENFORCEMENT OF THE AUTOMATIC STAY, VACATING OF JUDGMENTS AS VOID, AND ENJOINING JASON SCOTT JORDAN FROM PURSUING CLAIMS IN BERKS COUNTY CIVIL DOCKET 14-17117

Non-party Alan C. Redmond ("Redmond"), through undersigned counsel, joins in the motion of National Brokers of America, Inc., ("Debtor") to enforce the automatic stay, void the judgments entered in Berks County Pennsylvania against Debtor, Alan C. Redmond, and Bene Market, LLC, enjoining Jason Scott Jordan from pursuing claims against the same in Berks County, Pennsylvania, Court of Common Pleas Civil Docket 14-17117, and issuing sanctions against Joel Ready, Esq. and Cornerstone Law Firm.

**BOCHETTO & LENTZ, P.C.**

Dated: June 27, 2024     By:    */s/ George Bochetto*
George Bochetto, Esquire (27783)
David P. Heim, Esquire (84323)
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
gbochetto@bochettoandlentz.com
dheim@bochettoandlentz.com

*Attorneys for Alan C. Redmond*