IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re | : Chapter 7 |
| | : |
| National Brokers of America, Inc. | : Bankruptcy No. 19-15488 (PMM) |
| | : |
| Debtor. | : |
| | : |

**THIRD INTERIM AND FINAL APPLICATION OF
SHARER PETREE BROTZ & SNYDER FOR COMPENSATION FOR SERVICES
RENDERED AS ACCOUNTANT FOR THE TRUSTEE AND FOR REIMBURSEMENT
OF EXPENSES FOR THE PERIOD
NOVEMBER 1, 2023 THROUGH FEBRUARY 5, 2025**

TO THE HONORABLE PATRICIA M. MAYER, UNITED STATES BANKRUPTCY JUDGE:

Sharer Petree Brotz & Snyder ("Sharer Petree" or "Applicant"), Accountant for the Trustee, in accordance with F.R.B.P. 2016, applies under Sections 330 and 331 of the Bankruptcy Code for an award of compensation and reimbursement of actual, necessary expenses and represents:

### Part A -- Preliminary Statement

1. Applicant is accountant for Robert H. Holber, Chapter 7 Trustee (the "Trustee").

2. All services rendered for which compensation is requested were performed for or on behalf of the Trustee.

3. The services described in this Application are actual, necessary services and the compensation requested for those services is reasonable.

4. The expenses described in this Application are actual, necessary expenses.

5. Applicant believes that the sums sought by this Application are fair and reasonable in light of the time and effort devoted, the responsibilities undertaken, the results achieved, the quality and efficiency of the work done and other relevant factors.

6. Pursuant to Local Rule 2016-2(b), below is a history of this case:

11610378 v1

National Brokers of America, Inc. (the "Debtor") filed a voluntary chapter 7 bankruptcy petition on September 3, 2019 (the "Petition Date").  Shortly thereafter, the Trustee was appointed as the Chapter 7 Trustee.  The Debtor is a former broker of certain of certain health insurance products to consumers. Since the beginning of the case, the Trustee has received residual commissions on a monthly basis from various sources and recovery on the insider litigation settlement. To date, the Trustee has received over $330,000 in unencumbered cash.

The principal other asset in this case are successor liability claims and potential claims against the Debtor's partners, principals, insiders, transferees and/or others arising out of transfers that may be avoidable under sections 544, 547, 548 and/or 549 of the Bankruptcy Code and/or applicable state law.  The Trustee had engaged a our firm to investigate these claims. Initially, in response to a relief from stay motion filed by Jason Scott Jordan and his counsel, David Crossett, the Trustee explored and negotiated a join process to potentially pursue such claims.  Eventually, this joint arrangement was not deemed beneficial to the Trustee and it was terminated. Instead, the Trustee engaged contingency fee counsel, Gellert Scali Busenkell & Brown, LLC to pursue these claims. This litigation with the insider has been settled for $200,000 being paid over time with $158,719 paid prior to the Chapter 11 filing of the defendant.

As noted, we provided support to the trustee and counsel in his efforts by analyzing the Debtor's books and records to determine potential avoidance actions and support the collection of insurance commissions still due the Debtor.  More specifically during this period, we assisted the trustee, counsel and special counsel in reviewing financial information provided by the insider in evaluating the potential for settlement and collectibility and the terms of the settlement  We responded to and compiled documents for records, reports and workpapers requested pursuant to a subpoena issued by the US Department of Justice and coordinated the U.S.

Trustee's office. We reviewed prior tax returns and the trustee's financial activity, prepared bridge trial and tax return trial balances and related adjusting entries and prepared federal and Pennsylvania corporate tax returns for the tax years ending December 31, 2023 and 2024. We reviewed correspondence from the IRS asserting penalties, responded to those notices requesting abatement and obtained abatement for some of the penalties asserted.

As of January 7, 2025, the Trustee has $226,099.96 on hand before payment of this requested fee application and before receipt of anticipated funds from potential adversary cases.

## Part B -- General Information

1. **Third Interim and Final Fee Application**
   **Period November 1, 2023 through February 5, 2025**

   | | Requested |
   |---|---|
   | Fees | $ 6,386.00 |
   | Expenses | $      46.05 |
   | Total | $ 6,414.05 |

2. **General Information**

   a. Date case filed: September 3, 2019.

   b. Date application to approve employment filed: November 13, 2019.

   c. Date employment approved: December 26, 2019, *nunc pro tunc* to October 26, 2019.

   d. First date services rendered in the case: October 26, 2019.

   e. Compensation request is under Sections 330 and 331 of the Bankruptcy Code.

   f. Any fees awarded will be paid from the estate. Applicant's fees will be subject to disgorgement until final approval by the Court.

   g. This application is for a period less than 120 days after the filing of the case or less than 120 days after the end of the period of the last application.

   _____ Yes          __X__ No

11610378 v1

3. **Prior Applications**

First Interim application filed November 11, 2021 [Docket No. 143] and approved by this Court on December 1, 2021 [Docket No. 147]

Second Interim application filed November 3, 2023 [Docket No. 169] and approved by this Court on November 27, 2023 [Docket No. 177]

### Part C – Billing Summary

The accounting services rendered by Applicant are set forth and detailed in the attached chronological schedules appended hereto as Exhibit "A". The total time for all professionals involved was in the aggregate 18.60 hours. The total fee amount requested is $6,386.00 for the period November 1, 2023 through February 5, 2025.

### Part D Expense Summary

Further, Applicant requests reimbursement of expenses incurred in the total amount of $46.05 during the period November 1, 2023 through February 5, 2025, as more fully set forth in Exhibit "A" attached hereto. Said expenses were actual and necessary in this case and are not included in the overhead cost of Applicant's office.

As required by the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 (b)(1)(v), the Trustee has reviewed this application and has approved the requested amount. Additionally, pursuant to 11 U.S.C. § 330 (b)(2)(i), the Trustee believes that it is feasible to make an interim distribution to Chapter 7 professional creditors without prejudicing the rights of any creditor holding a claim of equal or higher priority. This fee application is considered on an interim basis with *de novo* final review after submission of the TFR.

WHEREFORE, Sharer Petree Brotz & Snyder respectfully requests that this Court: (i) enter an Order, in the form attached, granting an award of $6,386.00 in interim compensation and of $46.05 for interim expenses incurred for the period November 1, 2023 through February 5, 2025; (ii) (ii) allowing all prior interim allowances of compensation and reimbursement of expenses be made final and (iii) granting such other relief as this Court deems just and proper.

SHARER PETREE BROTZ & SNYDER

Dated: February 27, 2025

*/s/ Robert N. Snyder, Jr.*
Robert N. Snyder, Jr., CPA/CFF, MBA, CIRA,CFE
1103 Laurel Oak Road, Suite 105B
Voorhees, NJ 08043
(856) 435-3200 ext. 215
rsnyder@SharerPBS.com
*Accountant for Robert H. Holber,*
*Chapter 7 Trustee*

11610378 v1